DAVID V. HOWELL, Respondent, *v.* JOHN SCHUYLER CROSBY, Appellant.

*Action at law to recover under a contract — when an accounting in equity is unnecessary — necessary parties — referee's conclusions different from the claims of either party.*

In an action brought to recover a sum of money alleged to be due under a contract between the plaintiff and the United States, by which the plaintiff agreed to construct a pier for a lighthouse, and to secure the faithful performance of which the defendant and one Leonard W. Jerome executed an undertaking conditioned to that effect, it appeared that the plaintiff had appointed the defendant his attorney to collect from the United States all sums of money which should come due on the contract, and that defendant at the same time had entered into a contract under seal with the plaintiff, by which he bound himself to pay to the plaintiff forty per cent of all the profits made on the contract, and to one Emil Von Trentini twenty per cent; the remaining forty per cent to be retained by the defendant as compensation for furnishing the surety and for his services.

In respect to the items making up the sum in dispute the evidence was very unsatisfactory and inconclusive. The books and vouchers, which were kept by the defendant and Von Trentini, had been carried to Europe, and were not produced on the trial, although notice to produce them had been given. Von Trentini, by his evidence, admitted that he had received the full share to which he was entitled from the defendant, and the defendant did not set up in his answer that Von Trentini was a necessary party to the action, or that an accounting among the three was necessary.

*Held,* that the defendant could properly be held liable in this action for the amount found due by him to the plaintiff, and that it was not necessary for the plaintiff to resort to an equitable action for an accounting;

That the fact that notice had been given by the plaintiff to the defendant to produce the books of account, and that they had not been produced, might be considered by the referee in determining the validity of the defendant's account;

That, although the referee's conclusion might be inconsistent with the evidence given on either side, in view of the meagre material furnished for a judgment, the books and vouchers being absent and under the defendant's control, and of the fact that the referee was compelled to determine what items should be allowed and what disallowed by substantially allowing such as were agreed upon between the parties, that he did not err in not adopting the claims of either side.

APPEAL by the defendant, John Schuyler Crosby, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of March, 1893, upon the report of a referee.

*DeLancey Nicoll* and *Noel Gale*, for the appellant.

*Frederick H. Man* and *John C. Coleman*, for the respondent.

FOLLETT, J. :

This action was begun December 18, 1882, to recover a sum of money alleged to be due under a contract entered into between the litigants January 15, 1875.

September 24, 1874, the plaintiff entered into a contract with the United States, by which he agreed to construct a pier for a lighthouse at Middle Ground, Stratford Shoals, L. I. On the same day the defendant and Leonard W. Jerome, as sureties, executed an undertaking to the United States conditioned that the plaintiff should faithfully perform his contract. January 15, 1875, the plaintiff appointed the defendant his attorney to collect from the United States all sums of money which should become due on the contract, the defendant at the same time entering into a contract, under seal, by which he bound himself to pay to the plaintiff forty per cent and to Emil Von Trentini twenty per cent of all the profits made on the contract. The remaining forty per cent was to be retained by the defendant as compensation for furnishing the security to the government and for his services in collecting and disbursing the money in the construction of the pier. Von Trentini's twenty per cent was to compensate him for keeping the accounts necessary to be kept in the prosecution of the work. In November, 1875, the contract was performed and the work accepted by the government, which paid to the defendant, as attorney for the plaintiff, $81,301.85.

The foregoing facts are not in dispute, and are found by the referee. The plaintiff testified that the defendant had paid out $60,705.11. Von Trentini testified that he had paid out $69,161.34, there being a difference of $8,456.23. The referee found that the defendant had paid out $60,805.11.

The referee reached his conclusion on the following basis :

| | | |
|---|---:|---:|
| Received by defendant............................ | $81,301 | 85 |
| Expended by defendant........................... | 60,805 | 11 |
| | | |
| Cash in defendant's hands.................... | $20,496 | 74 |

*Property.*

| | | | |
|---|---:|---:|---:|
| Schooner " Lorillard ".................. | $3,000 | | |
| Steam engine....................... | 675 | | |
| Tools .............................. | 300 | | |
| | | 3,975 | 00 |
| | | $24,471 | 74 |
| Plaintiff's share, forty per cent.......... | $9,788.696 | | |
| Defendant's share, forty per cent........ | 9,788.696 | | |
| Von Trentini's share, twenty per cent.... | 4,894.348 | | |
| | | 24,471 | 74 |

The referee found that the plaintiff had received from the defendant $2,000 in cash ; that the plaintiff had the schooner and the tools, valued at $3,300, making the total of $5,300 which the plaintiff had received, leaving a balance due him of $4,488.69, for which a judgment was ordered, with interest from December 18, 1882, the date of the commencement of this action.

The principal controversy before the referee was over the difference of $8,456.23, which sum the defendant asserted he had paid out over and above the amount admitted by the plaintiff to have been paid out by the defendant, and over the value of the schooner *Lorillard.* The witnesses who testified as to the value of the *Lorillard* varied in their estimates from $1,000 to $5,000. Two of defendant's principal witnesses valued the boat at $3,000. The value fixed by the referee, $3,000, is fully sustained by the evidence, and it cannot be successfully asserted that under it the vessel was undervalued to the injury of the defendant. In respect to the items making up the disputed sum of $8,456.23 the evidence is very unsatisfactory and inconclusive, and it is quite impossible to say that

the referee erred in disallowing this sum. The books and vouchers which were kept by the defendant and Von Trentini had been carried to Europe and were not produced on the trial, although notice to produce them had been given. This was a circumstance which the referee had a right to take into consideration in determining the validity of the defendant's account as presented.

Whether the litigants and Von Trentini were partners as to third persons is not material. Under their written contract they were not partners as between themselves. It nowhere appears that the defendant and Von Trentini assumed any liability in case the enterprise proved to be unprofitable. Each of them was to have a definite proportion of the profits for his services, and the defendant agreed by his written contract, under seal, that he would collect all sums due from the government and pay over to the plaintiff forty per cent of the profits of the enterprise. Von Trentini by his evidence admits that he has received his full share from the defendant and makes no claim, so there is no accounting to be had as among the three. A decision of the controversy simply required the ascertainment of the amount received by the defendant, admitted to be $81,301.85, and the amount which he had expended. The defendant did not set up in his answer that Von Trentini was a necessary party to the action, or that an accounting among the three was necessary, and he was permitted to give all the evidence which he offered tending to establish payments on his part, and we think, under the written contract, the defendant could be properly held liable in this action for the amount found due from him to the plaintiff without resorting to an equitable action for an accounting.

In August, 1878, the plaintiff filed a voluntary petition in bankruptcy, to which was annexed an inventory of his assets. The defendant offered to show that under the head of "Choses in Action" the plaintiff did not include any claim against the defendant arising out of the contract on which the action was brought. This evidence was excluded, and it is urged as a ground of error. It is argued that the fact that the plaintiff then swore that he owned no such claim as he seeks to enforce in this action, was competent. It would have been, had not the fact been fully explained. In March, 1881, the plaintiff wrote the defendant that he had assigned this claim, which letter was put in evidence by the defendant, and

upon the cross-examination of the plaintiff it was shown, and not disputed, that he had previously assigned the claim and that it had been re-assigned to him. It is urged that the referee's conclusion is inconsistent with the evidence on either side. It is quite evident from the meagre materials furnished for a judgment, the books and vouchers being absent and under the defendant's control, that the referee was compelled to determine what items should be allowed and what disallowed by substantially allowing such as were agreed on between the parties, and that he did not err in not adopting the claims of one side or the other.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.