## STOCKMAN v. MICHELL.

1. PARTNERSHIP—PROFIT SHARING.

A contract by which a merchant agrees to pay an employé a stated salary and a certain percentage of the profits of the business does not, as matter of law, constitute the parties copartners.

2. ACTION—JURISDICTION—ACCOUNTING.

While an employé who, in addition to a stated salary, is to receive a certain percentage of the profits of the business as compensation for his services, has a remedy in equity to secure an accounting as to the profits, such remedy is not exclusive, as a court of law has full power, under 2 How. Stat. § 7386, to appoint auditors to state the account.

3. APPEAL—ABSENCE OF PROOF—MATTERS NOT CONSIDERED IN TRIAL COURT.

The Supreme Court will hesitate to determine a case upon the ground of absence of proof of a given fact, where the question was not passed upon in the lower court, and it does not appear to have been there presented.

Error to Wayne; Hosmer, J. Submitted April 22, 1896. Decided May 19, 1896.

*Assumpsit* by Gustavus Stockman against Carl H. Michell for services rendered. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Sloman, Groesbeck & Robinson,* for appellant.

*Atkinson & Haigh,* for appellee.

MONTGOMERY, J. Plaintiff brought an action of *assumpsit* to recover for services rendered to the defendant. Plaintiff's testimony tended to show that defendant, on engaging in the grocery business in 1889, employed the plaintiff, and agreed to pay him a stated salary, and, in addition, 2 per cent. of the profits of the business; that for the first year the 2 per cent. was paid to the plaintiff; but that after that time no inventory was made showing profits, and no payment on account thereof was made to the plaintiff. The circuit judge directed a verdict for the defendant, holding that the agreement constituted the plaintiff and defendant copartners, as matter of law. We think there was error in this. It was certainly competent for the jury to find, from the testimony, that the parties considered this agreement as one measuring the compensation for services rendered, and that it was not intended that the plaintiff should acquire, by the agreement, a vested interest in the profits as such, or any more than a contract right to insist upon the payment of this sum in consideration of the services rendered. *Child* v. *Emerson,* 102 Mich. 39; *Beecher* v. *Bush,* 45 Mich. 188; *Wilcox* v. *Matthews,* 44 Mich. 192; *Canton Bridge Co.* v. *City of Eaton Rapids,* 107 Mich. 613.

It is contended, however, that, as plaintiff failed to show what the profits were, he was not damaged by the ruling. While the proofs do not make very clear the amount of profits, we are not able to say that there was

an entire absence of proof, and we would feel great reluctance to determine any case on the absence of proof when the court below has not passed upon the question, and when it does not appear to have been presented to the court.

It is also insisted that, even though the facts do not show a partnership, yet, as the agreement involves an accounting, the remedy is not at law, but in equity. While it is true that the plaintiff might have had a remedy in equity, under the authority of *Clarke* v. *Pierce*, 52 Mich. 157, and *Warren* v. *Holbrook*, 95 Mich. 185, yet this remedy is not exclusive of his remedy at law. Id. The court at law has full power to appoint auditors to state the account. 2 How. Stat. § 7386.

Judgment reversed, and a new trial ordered.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.