(76 App. Div. 586.) ·

### MACK et al. v. SHORTLE.

(Supreme Court, Appellate Division, Fourth Department. November 18, 1902.)

1. ACCOUNTING—OUTSTANDING ACCOUNTS.
    On an accounting and distribution of the receipts of a business, outstanding accounts were properly regarded as receipts, where there was nothing to show that they were not good and collectible.

2. SAME—LIQUOR TAX CERTIFICATE—INSURANCE.
    On an accounting and distribution of the profits of a business, the cash surrender value of a liquor tax certificate and insurance policy, which were paid for out of the proceeds of the business, was properly included.

3. SAME—INDIVIDUAL PROPERTY—DETERIORATION.
    On an accounting and distribution of the profits of a business, deterioration in the value of property belonging to one of the parties individually should not be considered.

Appeal from judgment on report of referee.

Action by Eliza T. Mack and another against Patrick J. Shortle. From a judgment for plaintiffs on a referee's report, defendant appeals. Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Jones, Townsend & Rudd, for appellant.
Henry F. & James Coupe, for respondents.

WILLIAMS, J. The judgment should be affirmed, with costs.

The action was brought to dissolve an alleged copartnership, for a receiver and an accounting, payment of debts, and distribution of the net proceeds of the business. It was claimed on the part of the plaintiffs that the agreement entered into between the parties, and a copy of which was annexed to the complaint, created a copartnership. The court very properly held the agreement was merely one of employment, the plaintiffs to receive for their services one-half of the net profits. The defendant moved to dismiss the complaint upon the ground no copartneship was established, but the court refused to dismiss, and proceeded to take the accounting and determine the amount which the plaintiffs were entitled to recover, and directed judgment therefor. We think this was proper, under the circumstances, and pass to consider the questions raised as to the accounting itself.

The first objection made by defendant is to the including in the amount of receipts of the business an item of $354.78 for outstanding accounts due the business. There is no proof that these accounts are not good and collectible, and therefore we see no objection to the allowance of the item. The individual profits of the business were found to be $805.05, one-half of which the plaintiffs were entitled to, —$402.52. The referee then allowed the plaintiffs one-half of the surrender value of the liquor tax certificate, $105.08, and one-half the unearned premiums or surrender value of the policies of insurance, $85.17. These items were objected to by the defendant. It seems to us, however, that these items were properly allowed. Payment for the full term for the liquor tax certificates and the policies of insurance had been made out of the business, and had been included in the total expenses deducted, in order to arrive at the amount of undivided profits, $805.05. The business was sold out by the defendant with the consent of the plaintiffs, and the liquor tax certificate and policies had been included in the sale, and the defendant had received pay for the unexpired term. One-half the amount should be allowed the plaintiffs. Adding these two items to the one-half undivided profits, and total was $592.77. Deducting from this item amounting to $119.-50, chargeable to plaintiffs, and there remains $473.27, for which the recovery was had.

It is further claimed by defendant that the loss on the purchase and sale of the property and hotel lease should have been included in the disbursements, and that the undivided profits would then have been largely reduced below the amount found by the referee. The defendant purchased the lease of the hotel and all the personal property therein, including the liquors, paying for the whole the sum of $6,250. A few days later the defendant sold to the plaintiffs one-half of the liquors for $1,500. From that time on the loss on the liquors would be shared equally. The liquors would be sold out in the carrying on of the business, and it was very proper to consider the loss, or the reduction in the amount thereof, in making up the account; but, as to the lease and other personal property, such would not be the case. The lease and property were furnished by the defendant, and were there when the business was finally sold out. They were the defendant's property at the time, and, in the absence of any special agreement, the deterioration in value could not be regarded as an expense of the business, to be considered in arriving at the amount of the net profits. The referee properly left this out of the account, and, as suggested, the liquors belonged equally to both parties, and any loss or reduction in the amount thereof was shared equally, and needed no consideration by the referee.

These suggestions lead us to the conclusion that the decision of the referee was correct, and that the judgment should be affirmed, with costs. All concur.