## S. Strauss, Appellee, v. A. E. Samuel, Appellant.

## Gen. No. 5,130.

1. ASSUMPSIT—*when lies.* Assumpsit lies to recover under a contract of service which provides for a specified salary and one-fourth of the profits of the business of the employer.

2. PLEADING—*aider by verdict.* Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been fatal objection upon demurrer, yet, if the issue found be such as necessarily required, on the trial, proof of the fact so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission, is cured by the verdict.

Assumpsit. Appeal from the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed March 24, 1909.

JOHN J. MAHONEY, for appellant.

J. W. D'ARCY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

A. E. Samuel, appellant, conducted retail clothing stores in Joliet and South Chicago, Illinois. On June 4, 1906, he entered into a written contract with appellee by which appellee was to manage the Joliet store and receive a weekly salary of $25 and one-fourth the net profits of the business. The contract expired June 3, 1907, but was extended one year from June 4, 1907. On December 26, 1907, appellant discharged appellee. On December 30, 1907, appellee brought this suit in assumpsit against appellant in the County Court of said county to recover one week's salary and one-fourth the profits of the business from June 4, 1907, to December 26, 1907. The declaration in a single count set out the terms of the contract, and alleged appellee's faithful performance thereof, until

wrongfully discharged; his willingness to carry out the contract, and appellant's refusal to pay the salary due him and to settle. Appellant interposed a plea of the general issue. There was a trial and a verdict for appellee for $975. A motion for a new trial was denied. Judgment was entered on the verdict and this appeal was taken by Samuel.

It is contended by appellant that there could be no recovery in this case in an action of assumpsit, because of the averment in the declaration that the defendant refused to settle accounts with the plaintiff, but that the action was one of accounting. The averment was not as stated by appellant but was, "and the plaintiff avers that the defendant failed to pay plaintiff the salary due him and the defendant refuses to settle accounts with the plaintiff and pay to the plaintiff one-fourth of the profits of said business amounting to, to wit, nine hundred and seventy-five dollars." Appellant argues that from this averment, "no common-law judge and jury could ever arrive at the truth" in this matter, because there can be no recovery for mere speculative, conjectural or possible profits. In this we cannot agree with appellant, since the profits arising from the transactions under this contract can be accurately ascertained. Moreover, the issues submitted on the contract between the parties, if defective, were cured by the verdict; the rule being, that, "Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been fatal objection upon demurrer; yet, if the issue found be such as necessarily required, on the trial, proof of the fact so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission, is cured by the verdict." 1 Chitty's Pl. 672; Keegan v. Kinnare, 123 Ill. 280; Chicago and Eastern Illinois Railroad Co. v. Hines, 132 Ill. 161; Chicago

and Alton Railroad Co. v. Claussen, 173 *id.* 100; City of Chicago v. Lonergan, 196 *id.* 518.

Appellant's main contention is that the evidence does not support the verdict. Appellee testified to $3,900 profits. One fourth of that sum is $975 and $25 added for unpaid salary makes $1,000. If the evidence actually showed $3,900 profit, then the verdict is $25 less than appellee was entitled to recover. On cross-examination appellee was asked to state the details and his itemized figures conclusively show that the judgment is excessive. From his evidence it appears that goods to the amount of $8,443.31 were purchased the first year, and to the amount of $3,031.74 the second year, making a total of $11,475.05; that the expenses were about $8,000, and that there were bad accounts to the amount of $2,250, making a total of $21,725 debits. He also testified that the sales amounted to $18,479.72 and that the goods on hand amounted to $4,500, making a total of $22,979.72 credits. The profits amounted to $1,254.67 less $25, appellee's last week's salary which had not been paid and was not included in the expense account of $8,000. Deducting the $25 the net profits were $1,229.67. Under the terms of the contract, appellee was entitled to one-fourth thereof, or $307.42, to which should be added a week's salary of $25 making the amount due him according to his own evidence, $332.42. It is thus apparent that the judgment is grossly excessive.

In view of the fact that another trial may follow, attention is called to the second instruction given for appellee, which might be understood as stating that the jury were the judges of what questions of fact were presented by the pleadings. This, of course, was not intended.

For the error apparent in the amount of the judgment the judgment is reversed and the cause remanded.

*Reversed and remanded.*