CARPENTER v. LENNANE.

1. PARTNERSHIP—SUBCONTRACTORS—NATURE.

An agreement between plaintiff and defendants, subletting to plaintiff a part of a contract that defendants had to construct subways for a railroad company, plaintiff to build cement sidewalks at 8¼ cents a square foot, and to share in the profits of certain portions of the work, was not a partnership agreement.

2. SAME.

The elements of partnership are community of interest in some business, for the conduct of which the parties are mutually principals of and agents for each other, with general powers within the scope of the business. *Beecher* v. *Bush*, 45 Mich. 188 (7 N. W. 785, 40 Am. Rep. 465).

3. EVIDENCE—MATERIALITY.

In an action for the price of work done under the agreement, error was not shown in the exclusion of testimony concerning the terms of a prior contract between the parties, to which reference was made by witnesses, but which was not material to the question in dispute, *i. e.*, the share of profits claimed by plaintiff.

4. SAME—CONTRACTS.

Where it was claimed by plaintiff, under his contract to construct cement walk, that he was to have, in addition to a stipulated compensation for the cement walk, 60 per cent. of defendants' profit arising out of the grading which was turned over to him, defendants claiming that they were to have 40 per cent. of profit made by plaintiff, who was to retain only 60 per cent. of his profit, defendants should have been permitted to show that the cost of grading to be done by them under the arrangement, added to the cost of cinders to be furnished by defendants, exceeded any difference between plaintiff's price and the contract price to be paid them, so that they could make no profit.

5. SAME—BURDEN OF PROOF—REQUESTS.

Requests that impose on a plaintiff the burden of satisfying the jury beyond a reasonable doubt, are properly denied.

6. SAME—TRIAL—CHARGE.

Since plaintiff claimed a percentage of profits made on the

grading and filling, the burden rested on him to show what the cost of that portion of the work was, in order to recover his claimed share of the profits, and, if he failed to sustain the burden, could not recover any part of such profits.

7. SAME.
And it was error to charge the jury that the parties did not differ as to the estimates and amount of work done, there being disputed testimony as to certain figures and computations.

Error to Wayne; Murfin, J. Submitted March 3, 1911. ( Docket No. 185.) Decided September 29, 1911.

Assumpsit by James Carpenter against William E. Lennane and John Lennane, copartners as Lennane Brothers, for work, labor, and materials. Judgment for plaintiff. Defendants bring error. Reversed.

*Gray & Gray (H. H. Emmons,* of counsel), for appellants.

*Washington I. Robinson,* for appellee.

McALVAY, J. Defendants have removed this case to this court, asking the reversal of a judgment obtained against them on account of claimed errors committed during the trial before a jury in the circuit court.

Such facts as may be necessary for an understanding of the case as are set forth in appellants' brief, and not disputed by appellee, are adopted by the court and briefly stated as follows:

The defendants are copartners and conduct a general contracting business. In 1908 they entered into a contract with the Michigan Central Railroad to construct the subways on eight streets in the city of Detroit, Mich.; these subways being necessary to complete the grade separation then in progress in Detroit. Defendants' contract with the Michigan Central Railroad, briefly stated, required them to excavate the earth, construct the retaining walls, lay the necessary sewers, grade the streets, grade the sidewalks, pave the streets, and construct the

cement sidewalks. In the preceding year, defendants had had a similar contract with the Michigan Central Railroad for the construction of a subway on Junction avenue. In the performance of the Junction avenue work, defendants sublet a part of the sidewalk construction to the plaintiff.

In June, 1908, defendant William E. Lennane and the plaintiff had an interview, which resulted in an agreement, the exact terms of which are a matter of dispute, respecting a portion of the construction work of the sidewalks on the eight streets where defendants were constructing subways. No other person was present at the interview. They both agree that the Junction avenue walk was mentioned in their interview, and that both parties wanted a different agreement than the one covering the Junction avenue work. Lennane says that defendants were to "grade" the work and furnish the cinders, and that Carpenter was then to take charge of the work and finish it; defendants were to advance all of the money needed, and guaranteed the price of most of the necessary materials, all of which Carpenter admits is true, but claims that the "grading" was, later in their interview, turned over to him to do. They both agree that 8½ cents was named as the price to govern on the work in question.

The dispute or difference between them is that: Lennane says the cost of the work performed under Carpenter's supervision was to be figured on a basis of 8½ cents per square foot, and the profit arising from its performance was to be divided, 60 per cent. to Carpenter, and 40 per cent. to Lennane. Carpenter says he was to receive 8½ cents for the work, making no division or accounting to Lennane in connection with the same, and in addition they agreed to let Carpenter do the grading, and the profit arising on the "grading" was to be divided, 60 per cent. to Carpenter, and 40 per cent. to Lennane.

The specifications for the sidewalk, in a general way, require a foundation of cinders, on top of which is placed the concrete mixture of sand and cement. Before laying

the cinders, the earth must be dug out, so that the sidewalk, when finished, comes to a proper grade. The "grading" therefore designated in the record was the preparation of the earth, by digging it to a proper depth and leveling it off, so that it was ready to receive the cinders. The excavating of the entire job, both for the street and the sidewalk, was done in the first instance, and in so far as possible, with steam shovels, and the finishing portion only was done by hand. Mr. Lennane's explanation of the reason why he retained the grading of the walks, and would not include that in the work in which Carpenter was to participate, was because, in his general digging, he virtually covered all of the digging needed for the walks, and it was therefore simpler and better for him to do it all, looking to Carpenter to take the work when it was ready to receive the cinders. Defendants at no time during the trial admitted that the computations of plaintiff, even upon his own theory, were correct. It was agreed that plaintiff had constructed 101,357 square feet of sidewalk, and defendants admitted that a balance of $1,739.48 was due plaintiff. The trial resulted in a verdict for plaintiff in the sum of $3,781.09, being the entire amount claimed by him, with interest.

It is contended upon the part of appellants that error was committed by the court in refusing to instruct a verdict in their behalf, on the ground that the contract between the parties was a partnership contract, to be adjudicated only in a court of chancery, and that at least as to the percentage part (if a divisible contract) the court should have so instructed. In our view of the case, it will be of no importance to determine whether this was an entire contract or divisible. We do not agree that it was a partnership agreement. There is no indication that such was the intention of the parties, nor does the contract in question, as claimed by either party, contain the elements of a partnership, "which are, at the very least, community of interest in some business, for the conduct of which the parties are mutually principals of and agents for each

other, with general powers within the scope of the business." *Beecher* v. *Bush*, 45 Mich. 188 (7 N. W. 785, 40 Am. Rep. 465). It is apparent in this case that the parties considered the agreement between them relative to percentage as one measuring the compensation for services to be rendered by plaintiff. *Stockman* v. *Michell*, 109 Mich. 348 (67 N. W. 336); *Morrow* v. *Murphy*, 120 Mich. 204 (79 N. W. 193, 80 N. W. 255). There is no evidence in the case tending to show that any losses incurred were to be shared by the parties. The only inference to be drawn from the evidence is that losses were not in any manner to be considered. No error was committed by the court in refusing the request of the defendants to instruct a verdict for them, or in refusing to grant a new trial upon the ground that this was a partnership agreement.

Defendants also contend that the court erred in excluding from the case testimony relative to the Junction avenue contract between these parties, in 1907, relative to other work of the same character, on the ground that it was referred to and considered by both parties at the time this contract was entered into, and some testimony in regard to it got into the case. In view of the fact that both parties agree that $8\frac{1}{2}$ cents per square foot was the basis upon which the construction of the sidewalk was to be computed, and also agree upon the prices at which defendants offered to furnish materials, we do not see the materiality of this evidence relative to terms of the Junction avenue contract. So far as the record shows, nothing definite appears to be claimed for it, except as bearing upon the price. The dispute upon this branch of the case is whether plaintiff, for the construction of the 101,357 square feet of walk, was to receive the full price at $8\frac{1}{2}$ cents per foot, or whether, with that price as a basis, after deducting the entire cost of construction, he was to receive 60 per cent. of the difference between such cost and the full amount computed at such price. Upon that dispute the testimony excluded

was not shown to be material. The action of the court in excluding it was not erroneous.

Defendants assign errors on the exclusion of evidence of several witnesses offered by them to show the actual cost to the contractor of the final digging and grading, as it is called, the cost of cinders delivered, and to show that such cost of the work reserved by defendants is 3 cents per square foot, not including anything for the maintenance of the work for five years under the guaranty required. The record shows that the defendants' contract with the railroad company for the sidewalk work was 11 cents per square foot. At the time plaintiff gave his testimony, he believed that the price was $10\frac{1}{2}$ cents. It is defendants' claim that their agreement with plaintiff gave him an interest in the profit to be made on the basis of an $8\frac{1}{2}$-cent price of a part of the work, retaining for themselves the balance, or $2\frac{1}{2}$ cents, and their part of the profits to cover the cost of the digging or grading, the furnishing of cinders, and protecting their five-year guaranty on the work. It is plaintiff's claim that the defendants only retained 40 per cent. of the profit in the digging or grading, figured on a $2\frac{1}{2}$-cent basis, to cover the cost of the cinders and the five-year guaranty. Both of these parties were familiar with this class of work, and knew the cost of the same.

Defendants contend that this evidence was material and important in assisting the jury in arriving at a determination of what this contract really was. It is not claimed that it would be positive evidence of the terms of the agreement, but, there being a direct contradiction between the parties, and there being no other witnesses, the dispute must be settled by facts tending to show the reasonableness of the claims made, and that the cost price of the work is an essential element bearing upon the probability of an agreement being made for one price, rather than for the other. The argument is persuasive, and, we think, sound. The jury should have the benefit of the cost price of this part of the work, in order to pass intelligently and understandingly upon the testimony. The testimony of-

fered should have been admitted upon the ground it was offered. The court was in error in excluding it, and a new trial should have been granted, as requested, on that ground.

Errors are also assigned upon the refusal of the court to give certain requests to charge which relate to the proof of plaintiff as to the cost of that part of the work done by him, for which he claims he was to receive 60 per cent. of all profits above such cost. Some of these requests need not be discussed, because they contain the proposition that the plaintiff must satisfy the jury beyond a reasonable doubt as to certain claims he made.

The following request, which relates to the grading and digging plaintiff claimed was included in his contract under a 60 per cent. division of profits above cost, which the court also refused to give, reads:

" It appears from the plaintiff's testimony that a certain amount of the grading and digging necessary to prepare the work for the cinders was done by him, and that a considerably larger portion was done by the defendants. This amount was reduced to dollars and cents by the plaintiff, but the details of the same were not given. On the other hand, it appears from the testimony of the defendants that the plaintiff did perform a small part of the work of grading and digging, and rendered a statement of the same, the items of which appear in detail in their testimony; that almost all of the grading and digging was done by the defendants, but no estimate has been given of the value of the same. If you find that the contract between the parties was of the nature claimed by the plaintiff, then you must ascertain the cost price of the digging and grading, and the burden of proof rests upon plaintiff to furnish you with sufficient information, so that you can ascertain the same. If he has failed to do this, then he has failed to prove his case in this respect, and your verdict to this extent must be for the defendants."

The substance of this request was not embodied in the charge of the court. In the instant case, the finding of the actual cost of this part of the work done by plaintiff by the jury was necessary, for the reason that in no other

way could it be determined what plaintiff should be allowed for it, if the jury found the contract to be as plaintiff claimed. Defendants were entitled to have the attention of the jury directed to the subject-matter of this request, which was a proper one, and should have been given. The propriety of this is made more apparent in connection with certain portions of the charge of the court upon which error has been assigned, and which will be next considered.

The portions of the charge upon which error is assigned are as follows:

"Under the theory of the plaintiff, he claims he is entitled to recover $3,551.68. Under the theory of the defendant, it is claimed that the plaintiff's recovery is limited to $1,739.48. Now, gentlemen, one of those two amounts, substantially, will have to be your verdict. There may be, owing to different methods of figuring, some slight changes in these amounts, or according as you should find on some of these disputed questions, such as the disputed pay roll, and some of the bills for materials, involving some few odd dollars, but the difference is slight, indeed, and substantially those amounts represent the conflicting claims of the parties. And it is for you to determine what was the amount between the parties. If the contract was as outlined by the plaintiff, your verdict will be accordingly. If it was as claimed by the defendant, your verdict will be accordingly."

And also:

"As I stated to you this morning, during the course of my charge, that under the claim of the plaintiff he was entitled to recover approximately $3,551.68, if you find the contract as he claims it. And that if you find the contract as the defendant claims it the plaintiff is entitled to recover $1,739.48. In making up the figures that the plaintiff has submitted to you, it is not controverted in this case but that those figures include his figures based upon $8\frac{1}{2}$ cents per square foot, plus 60 per cent. of the alleged profit in the grading portion of the job, plus such cinders as he furnished."

The court was mistaken in his statement in these portions of the charge that there was no substantial differ-

ence between the parties upon the amounts for which a verdict should be rendered, whichever of the versions of the contract was accepted. He overlooked the fact that the record shows defendants early in the case disputed the figures and computations of the plaintiff, as does also the cross-examination of plaintiff, which, by the testimony of plaintiff as to how he arrived at the cost of digging and grading, fairly raised a question to be considered by the jury whether any substantial proof of such cost had been made. The charge objected to as given was erroneous for the reasons stated.

The judgment of the circuit court is reversed, and a new trial ordered.

OSTRANDER, C. J., and BROOKE, BLAIR, and STONE, JJ., concurred.