Opinion of the Court—Norcross, J.

[No. 1979]

## W. H. GOODIN, RESPONDENT, v. W. C. PITT, APPELLANT.

1. REFERENCE—CONFIRMATION OF REPORT—CONSTRUCTION.

Where a referee's report recited that the amount due from defendant to plaintiff was $1,396.56, but expressly stated that he did not report on the issue as to whether this was due at the institution of the action, as that was a question of law, and the court "in all things allowed, approved, and confirmed" the report, and rendered judgment for the amount reported, the adjudication by the court of the amount found was, in effect, an adjudication by the court that the amount was due at the institution of the suit.

2. PARTNERSHIP—EXISTENCE OF RELATION—SHARE OF PROFITS AS SALARY.

A contract provided that plaintiff was to work for defendant in the business of flour manufacturing, and was to receive a salary of $125 per month, and, in addition thereto, one-half of the profits over $3,000. *Held*, that though the compensation was measured in part by the profits, the contract did not create the partnership relation, but one of employment.

3. MASTER AND SERVANT—ACTION FOR WAGES—FORM.

Where an employee was, by his contract of employment, to receive as compensation a percentage of the profits of the business, a bill in equity for an accounting is not necessary, but an action of assumpsit at law will lie to enforce payment.

APPEAL from Sixth Judicial District Court, Humboldt County; *John S. Orr*, Judge, presiding.

Action by W. H. Goodin against W. C. Pitt. From a judgment in favor of plaintiff, defendant appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*William S. Bonnifield* and *Summerfield & Curler*, for Appellant.

*J. A. Callahan*, for Respondent.

By the Court, NORCROSS, J.:

Plaintiff, respondent herein, brought his action against appellant to recover judgment for an alleged balance due him of $1,640.38, by virtue of the provisions of a written contract entered into between the parties, and reading as follows:

"This agreement made, this 17th day of June, A. D. 1907, between W. C. Pitt the party of the first part and W. H. Goodin the party of the second part. Witnesseth: That the above named parties have this day entered into agreement as follows: W. C. Pitt agrees to pay to W. H. Goodin $125 per month wages commencing from the 15th day of June, 1907. That said Goodin shall work for said Pitt in the business of flour manufacturing and selling flour, buying and selling grain, etc. And it is further agreed that commencing on the first day of July, A. D. 1907, and in further consideration of services performed by said Goodin for Pitt, that after said Pitt shall receive from said milling business $3,000 profit per year that said Goodin shall receive one-half of the profits above that amount. Except that if over $12,000 shall be invested in the business outside of the costs of the milling plant, said Pitt shall receive 8% on amount above that which shall be considered as part of the expense. [Signed] W. C. Pitt. [Signed] W. H. Goodin."

The complaint alleged that in pursuance of said contract, plaintiff entered into the employ of defendant on the 15th day of June, 1907, and so continued until the 30th day of June, 1908; that the profits of said business during said time, after allowing defendant the exemption mentioned in the contract, amounted to $4,398.15. The answer, in addition to other denials not material upon this appeal, denied that the profits amounted to $4,398.15, "or any other sum whatever, in any money or currency." The answer further alleges: "That at the end of the year referred to as aforesaid, there was a large lot of unsettled accounts and bills owing to said business and to defendant, amounting to over $3,500, and which at the time of the commencement of this action had not been collected, which has not yet been collected, and some parts of which, defendant alleges, may never and probably never will be or can be collected; that aside from these uncollected accounts and bills, all of which were made in the course of the business carried on as referred to in the complaint, there were no profits at all, and there

are no profits yet, and without the collection of said bills and accounts there can be no profits, as referred to and intended and meant in said contract and agreement; * * * that at the end of said year there were on hand and undisposed of a lot of the articles dealt in in the said business, referred to in said contract and agreement; that aside from these unsold and undisposed of articles there was no profit whatever in the said business for the said year; that a large lot of such articles are yet unsold and undisposed of; that at the time of the commencement of this action there were a large lot of such uncollected bills and accounts, and a large lot of such unsold and undisposed of articles; and that, aside from these said accounts and bills and unsold articles, there was not, and there never has been, either at the commencement of this action, or at any time before that since the expiration of said year, or at the expiration of said year, any profits whatever. * * * And defendant hereby sets up, pleads, objects to, and demurs to plaintiff's pretended cause of action on the ground, and for the reason, that no cause of action whatever was accrued, or due, or owing from defendant to plaintiff at the time of the commencement of this action, and at the time there were no profits whatever, under and by virtue of the said contract and agreement, or anything else."

The defendant alleged a violation of the contract, upon the part of plaintiff, to his damage in the sum of $3,000.

A referee was appointed to take the testimony and report the facts, and the following extracts are from his report: "That the plaintiff received his salary of one hundred and twenty-five dollars ($125) per month, provided in said contract during said time, and in addition thereto received the sum of five hundred and fifty-eight dollars and sixty-nine cents ($558.69) from the profits of the business mentioned in the contract, accruing during the time covered by the contract; that there remained due the plaintiff under the contract at the time this was instituted (excluding a consideration of the issue of law hereinafter mentioned) the sum of $1,396.56. It appeared

in the evidence that the profits, or a portion thereof, covered by the contract consisted in merchandise on hand and book accounts. Such accounts as were shown by the evidence, in my judgment, to be worthless were by me deducted from the total accounts before figuring profits. I deem the issue made by the pleadings in this cause as to whether the cause of action had accrued at the time of the institution of the suit, by reason of the book accounts having been at that time uncollected, to be an issue of law, and do not report upon that issue."

The court adopted the findings of the referee, and the judgment recites that "the cause was submitted to the court for consideration and decision, and * * * the court finds that the report of the referee should be and the same is hereby, in all things, allowed, approved, and confirmed."

**1.** It is contended by counsel for appellant that this statement in the judgment shows that the court below, also, never determined the issue of law "whether the cause of action had accrued at the time of the institution of the suit." We think the fact that the court directed judgment in favor of the plaintiff for the amount found by the referee was, in effect at least, a determination that the cause of action had accrued at the time the suit was instituted.

**2.** The question of the character of the action, and whether the cause of action had accrued, involves the main contentions upon the appeal. The following excerpt from the brief succinctly states the position of appellant: "That the plaintiff was employed by the defendant at a stipulated salary per month, which salary was paid him, and in addition thereto a certain amount of the profits of the business, and that it is for this certain amount of the profits the plaintiff is seeking to recover in this action; that these profits consist of certain articles of merchandise and a certain amount of uncollected book accounts; that there never was any balance struck or settlement or accounting had between the parties, and that therefore the demand made by the plaintiff is an

unliquidated demand, and only susceptible to be made liquidated and certain when these uncollected book accounts have been collected, and the expenses of collection, etc., have been properly charged, and this can only be done in a suit for accounting in a court of equity, which alone has plenary powers for that purpose."

Counsel for appellant cites many authorities supporting the general rule that before one partner can sue another partner at law there must have been a prior settlement of all partnership business. If as to the profits of the business the plaintiff and defendant should be regarded as partners, the contention of appellant doubtless would have to be sustained. We think, however, that the language of the contract is not susceptible of the interpretation of a partnership relation between the parties, or any relation otherwise than that of employer and employee. The share in the profits of defendant's business which plaintiff was to receive was, as specifically stated in the contract, "in further consideration of services performed by said Goodin for Pitt." Goodin had no ownership or interest as a partner in the business. His compensation as an employee was, in part, to be determined by the profits of the business of his employer, but this did not create a partnership relation. (*Morrow* v. *Murphy*, 120 Mich. 204, 79 N.W. 193, 80 N.W. 255; *Stockman* v. *Michell*, 109 Mich. 348, 67 N. W. 336; *Galliers* v. *Peppers*, 76 Iowa, 521, 41 N. W. 205; *Teller* v. *Hartman*, 16 Colo. 447, 27 Pac. 947; *McRae* v. *Marshall*, 19 Canada Sup. Ct. 10; *Mack* v. *Shortle*, 76 App. Div. 586, 79 N. Y. Supp. 109; 26 Cyc. 1035.)

**3.** Actions upon contracts, of the character involved in this case, have quite frequently been before the courts, and it is quite universally held that a bill for an accounting is not necessary, but that an action at law will lie to enforce payment of a percentage of the profits of the business according to the contract. (*Howell* v. *Crosby*, 89 Hun, 355, 35 N.Y. Supp. 328; *Boisnot* v. *Wilson*, 109 App. Div. 569, 96 N.Y. Supp. 581; *Conville* v. *Shook*, 144 N.Y. 686, 39 N. E. 405; *Gaul* v. *Kiel Co.*, 199 N.Y. 472, 92 N. E.

1069; *Thomas* v. *Columbia Co.*, 144 Wis. 470, 129 N.W. 522; *Strauss* v. *Samuel*, 149 Ill. App. 207; *Olds* v. *Regan*, 32 Atl. 827.)

While we have not found, nor has our attention been called to, a case holding that assumpsit would not lie to enforce a contract for a percentage of profits, where the contract created only the relation of employer and employee, there are a number of cases holding, in effect, that an action may be brought, either in assumpsit or in equity, for an accounting. (*Stockman* v. *Michell, supra; Mack* v. *Shortle, supra; Channon* v. *Stewart*, 103 Ill. 541; *Street* v. *Thompson*, 131 Ill. App. 546.)

In the brief filed for appellant it has been assumed that a partnership relation existed between the plaintiff and the defendant, and the theory of the law contended for has been based on this assumption, but, as heretofore pointed out, a partnership relation was not created by the contract.

The only contention upon appeal, that the plaintiff has mistaken his remedy, and that therefore the complaint fails to state a cause of action at law, is without merit.

Judgment affirmed.