GILROY v GENERAL MOTORS CORPORATION (ON REMAND)

Docket No. 110651. Submitted July 7, 1989, at Lansing. Decided November 7, 1989. Leave to appeal applied for.

Luella Gilroy sustained injuries in the course of an argument with a co-worker while both were on their jobs at General Motors Corporation, Assembly Division. Gilroy received sickness and accident insurance benefits for approximately one year under a plan provided by GM and issued by Metropolitan Life Insurance Company. Gilroy then filed a petition seeking workers' compensation benefits from GM, which entered into a voluntary payment agreement providing for monthly workers' compensation benefits for one year of $238.49, with $230 of sickness and accident benefits to be coordinated therewith. After one year, $830 per month in extended disability benefits were to be coordinated. However, GM refused to agree to pay as part of Gilroy's attorney fees an amount equal to thirty percent of the sickness and accident benefits paid to Gilroy by Metropolitan Life Insurance Company and coordinated with the first year of workers' compensation benefits. The voluntary payment agreement was eventually submitted to a hearing referee, who dismissed Gilroy's petition and ordered GM to pay Gilroy's attorney fees as proposed in the voluntary agreement. GM appealed to the Workers' Compensation Appeal Board, arguing that no attorney fee was payable because its group carrier, Metropolitan Life, had not enforced its contractual right to an assignment against plaintiff's workers' compensation award. The WCAB affirmed the referee's decision, finding that, because plaintiff's compensation benefits were reduced in the same manner as though she had signed a reimbursement agreement and GM received coordination credit for that portion of the sickness and accident payments not reimbursed to Metropolitan, GM stood in the place of Metropolitan under § 821 of the workers' compensation act, thus becoming responsible for the attorney fee based on the sickness and accident benefits repre-

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 437, 644.
See the Index to Annotations under Attorneys' Fees; Workers' Compensation.

senting the balance of workers' compensation. GM appealed by
leave granted. The Court of Appeals affirmed, holding inter alia
that § 821 provides that a disability insurer which paid sickness
and accident benefits to an employee and subsequently enforces
an assignment of the employee's right to receive workers'
compensation benefits must pay a portion of the fees of the
attorney who secured payment of the workers' compensation
benefits for the employee and that the statute does not neces-
sarily preclude payment by an employer of a portion of the
attorney fees incurred by an employee in a case where the
disability insurer failed to obtain or enforce an assignment of
the employee's right to receive workers' compensation benefits
for reimbursement of sickness and accident benefits already
paid to the employee. 166 Mich App 609 (1987). GM sought
leave to appeal to the Supreme Court, which after initial denial
of leave, 430 Mich 872 (1988), and subsequent reconsideration,
431 Mich 855 (1988), remanded the case to the Court of Appeals
for reconsideration.

On remand, the Court of Appeals *held:*

The order of the WCAB requiring GM to pay a portion of the
attorney fees plaintiff incurred in securing her workers' com-
pensation recovery is affirmed. GM stood in the place of the
disability insurance carrier, which provided merely an excess
risk policy to GM under which the insurer was required to pay
sickness and accident benefits only if the trust funded by GM
was required to pay more than a specified amount of sickness
and accident benefits to disabled employees. GM's trust fund
paid plaintiff's sickness and accident benefits, as well as ex-
tended disability benefits which were subsequently coordinated
with plaintiff's workers' compensation benefits. The insurer in
this case failed to act as any truly independent insurer would
have acted under the circumstances by obtaining an assign-
ment from plaintiff for any sickness and accident benefits
which the insurer would have been obligated to pay to plaintiff
if obligated to do so under the terms of its contract with GM
and if plaintiff were entitled to receive workers' compensation
benefits. GM is therefore obligated under § 821 to pay a portion
of the attorney fees plaintiff incurred in securing her workers'
compensation recovery.

Affirmed.

WORKERS' COMPENSATION — SICKNESS, ACCIDENT AND DISABILITY IN-
SURANCE — COORDINATION OF BENEFITS — ATTORNEY FEES.

A portion of attorney fees incurred by a worker in seeking
workers' compensation benefits from his employer may be
ordered payable by the employer where the worker initially

receives benefits under a sickness, accident and disability insurance plan provided by the employer, but subsequently files a petition for workers' compensation benefits, which petition results in a voluntary payment agreement providing for the payment of workers' compensation benefits coordinated with the sickness and accident benefits paid; this requirement may apply even where no assignment of workers' compensation benefits was made to the sickness, accident and disability insurer and the employer is not required to reimburse the disability insurer for benefits paid (MCL 418.354, 418.821[2]; MSA 17.237[354], 17.237[821][2]).

*James A. Tanielian,* and *Daryl Royal,* of Counsel, and *MacDonald, Fitzgerald, MacDonald & Simon, P.C.* (by *Duncan MacDonald*), of Counsel, for plaintiff.

*Bodman, Longley & Dahling* (by *Theodore Souris, James A. Smith,* and *Kim Michael Lavalle*), and *Conklin, Benham, Ducey, Ottaway, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), of Counsel, and *David M. Davis* and *John G. Rahie,* of Counsel, for defendant.

ON REMAND

Before: WAHLS, P.J., and GILLIS and MCDONALD, JJ.

PER CURIAM. This case comes before us on remand from the Supreme Court. 431 Mich 855; 426 NW2d 183 (1988). In our earlier opinion, we affirmed an order of the Workers' Compensation Appeal Board requiring the employer in this case, defendant, General Motors Corporation, to pay a portion of the attorney fees incurred by an employee, plaintiff, Luella Gilroy, in obtaining workers' compensation benefits from defendant after having received sickness and accident benefits under an insurance plan provided by defendant. 166 Mich App 609; 420 NW2d 829 (1987). In that

opinion we stated that § 821 of the Workers' Disability Compensation Act, MCL 418.821; MSA 17.237(821), does not necessarily preclude payment by an employer of a portion of the attorney fees incurred by an employee in a case where the disability insurer failed to obtain or enforce an assignment of the employee's right to receive workers' compensation benefits for reimbursement of sickness and accident benefits already paid to the employee. Section 821 provides that a disability insurer which paid sickness and accident benefits to an employee and subsequently enforces an assignment of the employee's right to receive workers' compensation benefits must pay a portion of the fees of the attorney who secured payment of the workers' compensation benefits for the employee. Upon reconsideration, we affirm the order of the WCAB requiring defendant to pay a portion of the attorney fees plaintiff incurred in securing her workers' compensation recovery.

In this case, no arrangements were made for reimbursement to the disability insurer for any sickness and accident benefits payable to plaintiff. In our earlier opinion we observed, after quoting with agreement certain language in the opinion of the WCAB, that no truly independent insurance company would intentionally fail to obtain an assignment from a worker for reimbursement of sickness and accident payments in the event of the worker's entitlement to workers' compensation benefits, and we concluded that, "under the facts in this case, defendant stands in the place of the disability insurance carrier." 166 Mich 614. In our earlier opinion we stated:

> Under the circumstances in this case, we do not believe that the disability insurance carrier can be

characterized as an insurer independent of defendant since no truly independent insurance company would intentionally fail to take an assignment from a worker for reimbursement of sickness and accident payments in the event of the worker's entitlement to workers' compensation benefits. Under such a scenario, a disability insurer which agrees with an employer not to take an assignment from a worker helps to circumvent the proper payment by the employer of a worker's attorney fees incurred in obtaining workers' compensation benefits, even while the employer reaps the substantial benefit of a coordination credit for any disability payments made by the insurer. In this case, because defendant stands in the place of the disability insurance carrier, defendant, under § 821, is required to pay a portion of plaintiff's attorney fees incurred in securing workers' compensation benefits. [*Id.,* pp 615-616.]

The Supreme Court, which originally denied defendant's application for leave to appeal, 430 Mich 872 (1988), upon reconsidering defendant's request, remanded this case for reconsideration as on rehearing granted, directing this Court to retain jurisdiction over the case while, in turn, remanding it to the Bureau of Workers' Disability Compensation "so that the parties can make a supplemental record as to the contractual relationship between the defendant and the insurance carrier, which relation resulted in the carrier's foregoing its right of reimbursement. . . ." 431 Mich 855; 426 NW2d 183 (1988). Such a supplemental record was generated at hearings conducted on January 27, 1989, and February 3, 1989, by a magistrate of the Bureau of Workers' Disability Compensation.

The hearings conducted by the magistrate on remand serve only to reinforce our earlier conclusion that defendant stood in the place of the disability insurance carrier in this case. They re-

veal that the disability insurer provided merely an "excess risk policy" to defendant. Under that policy, the insurer was required to pay sickness and accident benefits only if the trust funded by defendant, called the General Motors Disability Benefit Trust, was required to pay more than a specified amount of sickness and accident benefits to disabled employees. In this case, defendant's trust fund paid plaintiff's sickness and accident, as well as extended disability, benefits, and the latter were subsequently coordinated with plaintiff's workers' compensation benefits. Moreover, at the hearings on this issue, defendant's witness, David M. Davis of the General Motors legal staff, acknowledged that by the insurer's not obtaining an assignment of an employee's right to receive workers' compensation benefits, and thus permitting the employee to keep the full amount of the sickness and accident benefits previously paid, the employee's loss of work time could be characterized by defendant in such a way as to possibly deprive the employee of certain employment rights which, had the lost work time been characterized as a period during which workers' compensation benefits were received, would have accrued in the employee's favor. Throughout the hearings, no credible, straightforward, unadorned, or intelligible reason was proffered by the witnesses presented by defendant to explain why the allegedly independent insurer in this case failed to act as any truly independent insurer would have acted under the circumstances by obtaining an assignment from plaintiff for any sickness and accident benefits which the insurer would have been obligated to pay to plaintiff if obligated to do so under the terms of its contract with defendant and if plaintiff were entitled to receive workers' compensation benefits.

Thus, upon reconsideration, we remain convinced that, under the facts in this case, the WCAB correctly determined that defendant is obligated under § 821 to pay a portion of the attorney fees plaintiff incurred in securing her workers' compensation recovery. To disallow the payment of a portion of such fees, particularly in a case such as this in which the employer reaped the substantial benefit of a coordination credit for the disability benefits paid to plaintiff, would be unjust.

Affirmed.