HENRY CHANNON *et al.*

*v.*

WILLIAM STEWART.

*Filed at Ottawa March 28, 1882—Rehearing denied September Term, 1882.*

CHANCERY JURISDICTION—*of an account of net profits to determine compensation for services.* Where an employé of a firm is to receive a certain sum per year, and one-half of the net profits of a certain branch of the business, as compensation- for his services, a court of chancery will have jurisdiction of a bill by such employé for an account of the partnership, for the purpose of ascertaining the profits of such business, although the complainant is not a partner.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

In December, 1877, appellants, who were doing business in Chicago in the ship-chandlery business, wishing to add to their business a sail-making branch, employed appellee to take charge of and manage the sail-making branch of the business. His compensation, by their agreement, was to be a salary of $700 a year and one-half of the net profits accruing from the sail-making. This contract was for one year— 1878. He entered upon his duties and continued without further express contract until February 1, 1880, when by consent he left their service. They had had no full settlement, and in trying to settle, a dispute arose as to certain expenses incurred by appellants, which they claimed inured to the advantage of the sail-making business as well as to that of the ship-chandlery business, and a part of which they insisted should be charged to the sail business as expenses, in fixing the amount of net profits, of which appellee was entitled to one-half.

This is a suit in chancery, brought by appellee, for a settlement of the accounts between him and appellants, and

especially for an adjustment of the amount of the profits in the sail-making business, one-half of which, it is conceded, is to be paid to him as part of the compensation for his services. Issues were formed, and the cause referred to the master to take proofs and state an account. The master's report, stating the accounts in detail, was filed. Exceptions to the report were overruled, and a decree rendered in favor of appellee for $2120.55, and that the outstanding debts, amounting to $119, be sold by appellants, and one-half the proceeds be paid to appellee. Defendants appealed to the Appellate Court, where the decree was affirmed, and they bring the record here for review.

Mr. I. K. BOYESEN, for the appellants:

A general averment of unsettled accounts is insufficient to give a court of equity jurisdiction, and a bill for an account must show either a case of which a court of equity has primary jurisdiction, such as trust, fraud or unsettled partnership accounts, or else such intricate accounts as can not fairly be tried at law. Parsons on Partnership, 77; *Harrington* v. *Churchward*, 6 Jur. (N. S.) 576; 4 C. E. Green, 281; *Darthey* v. *Clemens*, 6 Beav. 165; *Logan* v. *Lucas*, 59 Ill. 237; *Buell* v. *Selz*, 5 Bradw. 120; *Kimball* v. *Walker*, 30 Ill. 503.

Messrs. MOORE & PEET, for the appellee:

This case belongs to a class in which courts of equity have concurrent jurisdiction with courts of law. The accounts ran over two years and a part of a third, and no complete account has been rendered for any period. The defendants were running two branches of business, and the accounts were mixed together in the same books, of which the defendants had the entire possession and control.

The case of *Kimball* v. *Walker*, 30 Ill. 503, applies only to cases where no circumstances whatever can give the court

jurisdiction.	*Stout* v. *Cook,* 41 Ill. 477; *Magee* v. *Magee,* 51 id. 500; Daniell's Chancery Practice, 630.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is insisted that a court of chancery has not jurisdiction in this case. It is said appellee was not a partner with appellants, and hence the case does not fall under the head of accounts between partners, and that there is not any such complication of accounts as might otherwise call for the intervention of a court of chancery. It is true appellee was not a partner with appellants, but to ascertain his true compensation it is necessary to adjust the accounts of the partnership of appellants, for the amount of the net profits of that business must be ascertained before the true amount of the compensation of appellee can be fixed. Every reason for the adjustment of the accounts between partners, in a court of chancery, applies with equal force in this case, and we think the subject matter is a fit subject for a court of chancery.

As to the merits of this controversy, after a careful examination of the record we are not convinced that any error has been committed by the court by which any wrong has been done to appellants. The controversy relates chiefly to questions of fact. A discussion of the items in detail could subserve no useful purpose. We content ourselves in saying that we find no cause for disturbing the decree.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*