### Robert R. Street et al. v. John T. Thompson.

#### Gen. No. 12,958.

1. ACCOUNTING—*jurisdiction of equity not dependent upon partnership.* An employe whose compensation is based upon an ascertainment of the profits of a business has as much right to appeal to equity for an accounting as has a partner.

2. VARIANCE—*strictness of equity rule in regard to.* While it is a doctrine of equitable practice that the proofs and allegations must correspond, the rule concerning variances is not one as rigidly enforced as at law.

3. CONTRACT—*how construed where compensation of employe is dependent upon profits.* Where the compensation of an employe is made dependent upon the profits of the business in which he is employed, it is, in the first instance, presumed that such profits are to be determined without the deduction of salaries to the employers.

4. CROSS-ERROR—*when right to assign, not preserved.* Cross-error cannot be assigned with respect to a question which should have been but which was not raised by objections and exceptions to the master's report.

5. INTEREST—*what not unreasonable and vexatious delay of payment.* An unreasonable and vexatious delay of payment does not appear where it is apparent that there was an honest difference of opinion as to the amount due.

Street v. Thompson.

Bill for accounting. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed March 5, 1907.

WILLIAM STREET, for appellants.

GEORGE E. WISSLER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a decree entered by a chancellor in the Circuit Court in favor of the appellee Thompson, who was complainant below, against the appellees, Robert R. Street, Elizabeth Street and Charles A. Street, who were defendants below, as the members of a firm doing business as R. R. Street & Co. The decree was purely a money one, giving judgment and ordering execution in favor of John T. Thompson for $1,164.07 and costs.

The first objection to the decree insisted on by appellants is that there was no equitable jurisdiction, because there was on the theory of the merits set forth by the appellee a complete and adequate remedy at law.

The original bill in this case was for an accounting under an agreement which alleged a co-partnership between the appellee on the one side and the appellants as a firm on the other, to deal in steam appliances, in which co-partnership the appellee was to receive a salary of $25 a week and half the net profits of the business. This bill the defendants answered, denying the co-partnership alleged in the bill, and averring that the complainant was simply one of their employes. The answer set up a written agreement under which the complainant worked for defendants, as follows:

"This agreement entered into by and between R. R. Street & Co. and John T. Thompson, all of Chicago, Illinois, this the second day of July, 1902, and to be in effect until July 1, 1903.

"John T. Thompson in consideration of the salary of twenty-five dollars per week, payable weekly, and one-half of the net profits of the Power Generation Department for the above term, settlement to be made at the end of the year, agrees to give his entire time and services to the selling of the lines of R. R. Street & Co.'s Power Generation Department, including engines, boilers, steam appliances and auxiliaries.

"R. R. Street & Co. agree to advance and pay the necessary traveling and incidental expenses, the salary as above stated, and share the net profits of the Power Generation Department as hereinbefore provided. Both parties agree to contribute in every way possible to make the agreement successful and profitable to the parties thereto.

"It is understood that above agreement does not apply to sales made to Dealers.

R. R. STREET & CO.,
JOHN T. THOMPSON."

It then averred that this agreement on July 2, 1903, had been extended for another year, or until July 1, 1904; that under this agreement for both years the complainant had been fully paid and overpaid, so that in fact he was indebted to the defendants in the sum of $200 or $300, and that he had not faithfully and honestly carried out his part of the agreement. After a general replication had been filed to this answer the cause was referred to a master in chancery to take proof and report the same with his conclusions on the law and the evidence. After taking evidence and after hearings on the same, he reported that the evidence did not sustain the contentions of the bill of complaint that the agreement above set forth created a partnership between the complainant and the defendants, but after stating an account between the parties as, in his opinion, said account was shown by the evidence, he reported that the complainant was entitled to a judgment against the defendants for the sum of $1,164.07, and recommended that if the bill of complaint were amended to conform with the findings and conclusions of his report, a decree

should be entered granting the complainant the relief to which he was entitled.

Thereupon, on leave given, the complainant filed an amended bill of complaint, which, however, differed from the original bill principally or only in that it did not call the agreement between the complainant and the defendants' firm a co-partnership, but alleged it to be an agreement in writing, by which the complainant was to receive a salary of twenty-five dollars a week and one-half of the net profits of the business to be done under it. The same relief in the way of an accounting and a decree for payment was prayed.

To this amended bill the defendants demurred generally, and for a special cause also set up that the amended bill was vague and indefinite, and although claiming that there was a written contract between the parties, failed to set forth a copy of the same in the bill.

This demurrer was overruled and the defendants secured an order that the answer to the original bill should stand as an answer to the amended bill.

In this situation it is contended by the appellee that it is now too late for the appellants to make the objection to the decree before noted, that there was an adequate remedy at law, the specific objection, as it is insisted, not having been made in demurrer or answer. The appellants, it is said, submitted themselves to the jurisdiction of equity by their answer, and could not later withdraw from it nor take advantage of the want of an equitable cause of action in the bill. To this the appellants reply that the bill set up an equitable cause of action, but that the proofs did not support it.

We do not think it necessary to pass on this contention, because we cannot escape the conclusion that the facts, even as stated by the defendants' answer—that is, the relations raised between the parties by the written agreement therein set out—make a case

of equitable jurisdiction for an accounting. This is explicitly decided in Channon v. Stewart, 103 Ill. 541, where the Supreme Court very logically and reasonably held that the technical relation of "partnership" was not the basis of equitable jurisdiction in matters of accounting which required a computation of profits, but the thing itself, and that when the net profits of a business must be ascertained before the compensation of an employe could be ascertained, such employe had as much right to appeal to chancery for such ascertainment as a partner had.

The next objection to the decree raised by the appellants is that there are variances between the amended bill and proofs. While it is a doctrine of equity practice that the proofs and allegations must correspond, the rule concerning variances is not one so strictly insisted on as in pleadings at law. It is to be applied equitably and not rigidly, and cannot be invoked against a decree because the bill, while containing averments sufficient to support a claim for the relief prayed for, is inaccurate or mistaken as to some of the details. Crawford v. Moore, 28 Fed. Rep. 824-7; Moore v. Crawford, 130 U. S. 122-142; Texas v. Hardenberg, 10 Wall. 68.

In this case so far as the statements of the alleged variances are not statements of conclusions of law held by the defendants in opposition to the claims of the complainant, they are of details immaterial to the main purport of the bill.

The decree, in our opinion, follows the allegations sufficiently.

The remaining question, therefore, is simply whether it follows the proofs—in other words, whether it is justified on the merits of the case.

It is in accordance with the master's conclusions on the evidence, and with the account which he stated as the correct one between the parties, exceptions to said report having been overruled.

It is claimed by the appellants that this report and

this account are wrong, in that in construing the agreement and applying it to the facts proven the master held that sales to the Chicago Brick Machinery Co., The Aultman Co., and the Allis-Chalmers Co., should be included in the statement of sales made for the joint account, and taken into consideration in estimating gross profits; whereas, as appellants claim, the said three companies were "dealers" within the meaning of the agreement hereinbefore set forth.

We agree with the conclusion of the master. We do not think that because the companies bought single articles or single sets of appliances, with which to complete a complex machinery plant which they had contracted to sell, they were to be considered as "dealers" in the sense in which that word was used in the agreement.

The statement made by appellants' counsel in argument that a "dealer" must be contradistinguished from a "consumer", and that a "dealer" is one who buys to sell again, and a "consumer" one who buys to use himself, is not precise and only true in a very general sense. It is easy to conceive of a purchaser who is neither a "dealer" nor "consumer", but one who buys on a particular emergency—not as a dealer, and yet not for personal use.

Such, we think, was each of the companies in question here, and such was it regarded by the appellants before this litigation began, as is shown by the statements furnished by them to appellee.

It is also contended—and this is the point most strenuously insisted on by appellants—that the amount of net profits to be divided between the complainant and the defendants is wrongly computed by the master, in that he did not allow as a part of the expenses of the business for the two years through which the arrangement continued, $3,600 for a salary of Charles A. Street, one of the defendants. The basis of the claim of appellants that this sum should have been allowed is that among the members of the firm of

R. R. Street & Co. there was an agreement that Elizabeth Street should not be required to devote any time or personal service to the business of the firm, and that R. R. Street and C. A. Street should devote all their time to it and that each of these last two partners should receive "from time to time" such a salary for his services as should be mutually agreed upon by and between the said "three partners" before a division of profits should be made.

The master found, and rightly found, as an examination of the evidence has shown us, "That at the time the agreement was made between the complainant and defendants nothing was said as to any salary or any part of a salary of any of the members of the defendant firm being or forming a part of the expenses of the Power Generation Department, or that any such salary would be deducted from the gross profits of that department in determining the amount of the complainant's commissions; and that the complainant had no knowledge or information that the defendants contemplated or intended to charge his account with any part of their salaries until about six months after the second year had expired, when he received a memorandum to that effect from Charles A. Street. The said complainant then and there objected and continued to object to any part of the said salaries being charged against him."

These being the facts, we do not think there is any doubt about the law applicable to them.

The presumption in an agreement of this kind is, that profits are to be distributed without deduction of salaries, to any one interested, unless they are expressly provided for in the agreement.

In this agreement a salary was provided for complainant, and if it was intended that one should be allowed any one of the Streets, that should also have been expressed.

The case of McDonald v. Buckstaff, 56 Nebraska 88, relied on by the appellants, on this point differs from

the present one, because in that case, in effect, the contract in the partnership agreement for a fixed and definite sum for fixed and definite services to be paid to one of the contracting firm was made a part of the contract for employment.

In the present case the contract between the partners was not within the knowledge or within the power of knowledge of the complainant.

If the Nebraska case meant more than this, we could not see our way to follow it. The decision of the master and of the court on this point was correct.

There was objection made that evidence bearing on this point by showing the gross and net profits on sales made by C. A. Street was excluded. In our opinion it was properly excluded as immaterial, but if it had been admitted the result must have been the same.

The appellee has assigned as cross-error that interest should have been allowed on the amount found due on the accounting from the end of the second year of the appellee's employment to the date of the decree. We do not think that the appellee has a basis in the record for claiming this interest. He filed no objections or exceptions to the master's report. Nor do we think, indeed, that it is a case where interest should be allowed. There was doubtless an honest difference of opinion as to the amount due.

The decree of the Circuit Court is affirmed.

*Affirmed.*