ROBERT R. STREET *et al.*

*v.*

JOHN T. THOMPSON.

*Opinion filed October 23, 1907.*

1. ACCOUNTING—*when employee may maintain bill for accounting.* An employee of a partnership whose compensation is to be paid, in part, by a share of the net profits of the department in which he is employed, may maintain a bill for an accounting and adjustment of the partnership affairs of such department in order to ascertain the profits.

2. PARTNERSHIP—*partners are presumed to render services without salary.* In the absence of any agreement between partners allowing a salary to one or more of them, it is presumed that each is to render his services for the promotion of the interests of the firm without salary.

3. SAME—*when a partner's salary cannot be deducted from employee's share of profits.* Salary of a partner cannot be deducted from the profits of a department in ascertaining the share of an employee in such profits under a contract employing him at a stated salary, expenses and one-half of the net profits of the department, where he had no notice of any salary agreement between the partners, or of their custom, in ascertaining net profits, to charge a proportionate amount of such salary to the department to which the partners devoted their attention.

4. PLEADING—*what is not a material or substantial variance.* Where the original bill for accounting against a partnership alleges that the complainant is entitled to one-half the "net profits" of a certain department and the proof corresponds with such allegation, the fact that the amended bill, amended to conform to other matters after the proof was taken, alleges that the complainant is entitled to one-half the "profits," does not constitute a material or substantial variance.

5. APPEALS AND ERRORS—*when assignment of cross-error is necessary.* Upon appeal to the Supreme Court from a judgment of the Appellate Court affirming the decree of the trial court, an objection by the appellee that the trial court erred in not allowing him interest upon the amount recovered cannot be considered, where the Appellate Court's judgment is not questioned by an assignment of cross-error.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

On March 9, 1905, John T. Thompson, the appellee, filed a bill in the circuit court of Cook county against Robert R. Street, Elizabeth Street and Charles A. Street, the appellants, members of the firm of Robert R. Street & Co., for an accounting and other relief. From the decree of that court in favor of complainant an appeal was taken by defendants to the Appellate Court for the First District, and from the judgment of that court affirming the decree of the circuit court they have prosecuted a further appeal to this court.

The bill alleges that on July 2, 1902, complainant and the firm of R. R. Street & Co. entered into a co-partnership for the purpose of dealing in and buying and selling engines, boilers, steam appliances and auxiliaries at Chicago, Illinois, which business was to be conducted under the firm name of R. R. Street & Co.; that complainant engaged to and did bring into said business his experience, skill and knowledge, his entire time and services, and was to contribute in every way possible to make the enterprise a success; that he was to receive a salary of $25 per week and his necessary traveling and incidental expenses and one-half of the net profits of the business, settlement to be made at the end of the year; that said R. R. Street & Co. engaged to and did bring into said business that branch of their business in the city of Chicago known as the "power generation department," being a line of goods including boilers, engines, steam appliances, etc., and agreed to pay to complainant his salary and necessary traveling and incidental expenses; that they were to contribute in every way possible to make the enterprise a success and to receive one-half of the profits of the business of said department; that the said partnership was to commence on July 2, 1902, and continue for one

year, from which time it was continued until July 2, 1904, when it was dissolved; that during the continuation of said co-partnership a large amount of goods were sold by the said firm to various parties on credit and that said business remains unsettled. The bill further alleges that no settlement of said business has ever been made between complainant and defendants; that upon a true and just settlement of said accounts it would appear that there is a large balance due from said co-partnership to complainant; that defendants are using the funds of said co-partnership in rash speculation on their own account and are in danger of becoming insolvent and that complainant is in danger of losing the amount so due him from said co-partnership. The bill prays for the appointment of a receiver, for an accounting, and that defendants may be decreed to pay to complainant whatever sum is found to be due him.

The answer of defendants denies the material allegations of the bill; avers that the complainant was their employee, bound to devote his entire time, skill and knowledge to their service, and that he has been paid more than the entire sum due him; that the agreement with him was in writing, and reads as follows:

"This agreement entered into by and between R. R. Street & Co. and John T. Thompson, all of Chicago, Illinois, this second day of July, 1902, and to be in effect until July 1, 1903.

"John T. Thompson, in consideration of the salary of twenty-five dollars ($25) per week, payable weekly, and one-half of the net profits of the power generation department for the above term, settlement to be made at the end of the year, agrees to give his entire time and services to the selling of the lines of R. R. Street & Co.'s power generation department, including engines, boilers, steam appliances and auxiliaries. R. R. Street & Co. agree to advance and pay the necessary traveling and incidental expenses, the salary as above stated, and share the net profits of the power generation department, as hereinbefore provided. Both parties agree to contribute in every way possible to make the agreement successful and profitable to the parties thereto. It is understood that the above agreement does not apply to sales made to dealers.

(In duplicate.)

R. R. STREET & Co.,
JOHN T. THOMPSON."

—alleges that one-half of the net profits, as provided in the agreement, was less than the sum of $300, which sum last mentioned has been paid to complainant over and above his salary and traveling expenses, and that he is indebted to defendants in the sum of $200.

A replication was filed and the cause referred to the master in chancery to take proofs and report his findings to the court. The master found, among other things, that on July 2, 1902, complainant and defendants entered into the written agreement set out in the answer, and that defendants had paid to complainant the salary of $25 a week and all his traveling and incidental expenses and $300 in addition thereto; that no statement was rendered by defendants at the end of the first year, but that at the end of the second year, when complainant ceased working for defendants, they rendered to him statements which purported to show his account for the entire time of his employment; that said statements showed the gross profits of the first year to be $4995.20 and for the second year to be $3106.93, and against those profits were charged the following items of expense:

*For the first year:*

| | |
|---|---:|
| Salary of J. T. Thompson from July 1, 1902, to July 1, 1903 | $1300.00 |
| Expenses of J. T. Thompson for the same period.... | 375.87 |
| Part of salary of Charles A. Street for said period... | 1800.00 |
| Expenses of Charles A. Street for said period...... | 373.80 |
| Office expenses, including telegrams, postage, stationery, telephone, typewriter, etc., for said period of twelve months, at $30 a month............... | 360.00 |
| | $4209.67 |

*For the second year:*

| | |
|---|---:|
| Salary of J. T. Thompson from July 1, 1903, to July 1, 1904 | $1300.00 |
| Expenses of J. T. Thompson for said period........ | 395.60 |
| Part of salary of Charles A. Street for said period.. | 1800.00 |
| Expenses of Charles A. Street for said period...... | 550.72 |
| Office expenses as before........................ | 360.00 |
| | $4406.32 |

—that complainant concedes the correctness of said statements excepting the two items of $1800 each for part salary of Charles A. Street; that during the hearing defendants submitted revised statements of account for said two years, in which two sales to the Chicago Brick Machinery Company, two sales to the Aultman Company and one sale to the Allis-Chalmers Company were omitted from the statement of sales and gross profits, and an item of $158, being a loss sustained on account of A. Stein & Co. to whom a sale had been made, was deducted from the gross profits. The master found that the Chicago Brick Machinery Company, the Aultman Company and the Allis-Chalmers Company were not dealers, within the meaning of the contract, and that the sales to them should be included in the statements, and that the item of $158 was properly deducted. The master found that during the employment of complainant Charles A. Street received a salary of $3600 a year for his services to the business of the firm and that he devoted approximately two-thirds of his time to the power generation department, and that it was the custom of said firm to deduct from the gross profits the salaries of the members of the firm in arriving at the net profits of the business; that at the time the agreement was made with complainant nothing was said about this practice, and complainant had no knowledge that defendants intended to charge any part of their salaries against the proceeds of said business until about six months after the expiration of the first year, and that at that time he protested against such charge being made; that Thompson was not a partner and was merely a salesman, and that no part of the salary of Charles A. Street should be deducted from the gross profits in determining the net profits of the power generation department. The master stated the account between the parties, and found that complainant was entitled to a decree against defendants for the sum of $1164.07. The master further found that the bill averred that said agreement created a partner-

ship between complainant and defendants and prayed for an accounting on behalf of complainant as a partner and for the appointment of a receiver for said partnership business, and that the averment of the bill as to the existence of a partnership between complainant and defendants had not been proven, but the master recommended that if the bill be properly amended to conform to the facts as found by him, a decree be entered in favor of complainant for the sum last stated.

In accordance with the recommendations of the master, on November 17, 1905, the bill was amended, and on November 29, 1905, the demurrer of the defendants interposed thereto was overruled. The answer of defendants to the original bill was then ordered to stand as the answer to the amended bill, and the objections of defendants to the report of the master, which had been overruled by the master, were filed as exceptions to that report, and on January 13, 1906, the exceptions were overruled by the court and a decree was entered against defendants, in favor of complainant, for the sum of $1164.07.

It is urged by the appellants as grounds for reversal, (1) that the complainant had an adequate remedy at law; (2) that there were variances between the proof and the allegations of the amended bill; (3) that the court erred in entering a decree in favor of complainant.

WILLIAM STREET, for appellants.

GEORGE E. WISSLER, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Upon the record as it is here presented, appellee and appellants must be regarded as agreeing that appellee was an employee and not a partner of appellants.

It is first urged that as appellee was not a partner he had an adequate remedy at law for the recovery of the com-

pensation due him. His compensation was to consist, in part, of a share of the profits of the business of the firm. To ascertain the amount of these profits it was necessary that the partnership accounts be adjusted. A court of equity therefore has jurisdiction. *Channon* v. *Stewart,* 103 Ill. 541.

Two of the three members of the firm of R. R. Street & Co. received salaries under a provision of the partnership contract of that firm by which it was agreed that one of the members of that firm should not be required to devote any time or personal service to the business of the co-partnership; that the other two should devote all their time to that business, and that each of these two should receive, "from time to time, such a salary for his services as should be mutually agreed upon between the said three partners" before a division of profits should be made. Appellee had no knowledge or notice of this fact at the time he entered into the contract under which he claims. Appellants contend that a portion of the salary of one of the partners of the firm of R. R. Street & Co. should be deducted from the profits of the power generation department, and that appellee is entitled to but one-half of the profits of that department remaining after that deduction is made. The amount so sought to be subtracted is such proportion of the salary of that partner as is commensurate with the time he gave to that department of the business of the firm. In the absence of a contract providing that the partners shall receive salaries no such salaries are payable out of the proceeds of the firm business. Neither partner "is entitled to charge for his time or skill in conducting the business of the firm as no agreement was made that there should be any such charges, and according to the law governing partnerships the presumption is that each is required to use his skill, time and labor for the promotion of the interest of the firm, unless it is otherwise provided by agreement of the parties." (*Ligare* v. *Peacock,* 109 Ill. 94.) Such being the presump-

tion, we think appellee cannot equitably be charged with any portion of the salary to which one of the partners was entitled by virtue of the provision in the co-partnership agreement of the firm of R. R. Street & Co. which was not disclosed to him at the time of the execution of his contract. As was well said by the Appellate Court in its opinion in this case, referring to the contract signed by appellee: "In this agreement a salary was provided for complainant, and if it was intended that one should be allowed any one of the Streets, that should also have been expressed."

Appellee was entitled to no part of the profits resulting from sales made from the department in which he was interested, to "dealers." Certain profits were realized from sales made to the Chicago Brick Machinery Company, the Aultman Company and the Allis-Chalmers Company. Appellants contend that these companies were dealers, and that the profits were not of those in which appellee could rightfully share. In the original statements made by appellants and furnished to appellee, showing the condition of his account, these profits were included as a part of those for which appellants must account. After the litigation was under way appellants set up a claim to the whole of these profits, on the theory that they resulted from sales to "dealers." We have examined the evidence on this subject and are satisfied that appellants' first view of the matter is the correct one.

It is then urged that there are variances between the amended bill and the proofs. The variances pointed out are not material. For example, it is said that the amended bill alleges that the appellee was entitled to one-half of the profits of the power generation department while the proof shows that he was entitled to one-half of the *net* profits. Such a variance, under the circumstances of this case, is merely verbal, and not substantial or material.

Appellee argues that the circuit court erred in not allowing him interest at five percentum per annum upon the

amount found due him, from the time when that amount should have been paid. He has not questioned the judgment of the Appellate Court by the assignment of cross-errors, and we are therefore precluded from considering this proposition. ·

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*