**Gustave L. WEISSMAN and Paul Weissman, d/b/a Automatic Dispensers Company, Plaintiffs-Appellants,**

v.

**COLE PRODUCTS CORPORATION, Defendant-Appellee.**

**No. 12601.**

United States Court of Appeals
Seventh Circuit.

July 7, 1959.

Rehearing Denied Aug. 13, 1959.

Lloyd C. Root, Chicago, Ill., Daniel V. O'Keeffe, Marzall, Johnston, Cook & Root, Chicago, Ill., for appellants.

Clarence E. Threedy, Chicago, Ill., Edward C. Threedy, Chicago, Ill., for appellee.

Before SCHNACKENBERG, PARKINSON and KNOCH, Circuit Judges.

PARKINSON, Circuit Judge.

Plaintiffs-appellants Gustave L. Weissman and Paul Weissman, as successors in interest and title to the partnership of Automatic Dispensers Company, brought this diversity action against the defendant-appellee Cole Products Corporation in the District Court "on a contract and for unjust enrichment", as there asserted by the plaintiffs, but, as stated by the plaintiffs now in their brief here on appeal, "to recover damages occasioned by the defendant's breach of a contract with said partnership."

The District Court in a memorandum of decision, in which were embodied its findings of fact and conclusions of law, found that the plaintiffs failed to prove a contract between the defendant and the partnership; that the plaintiffs failed to prove the allegations of their complaint; that the record did not support defendant's counterclaim; and ordered judgment entered for the defendant, including costs and attorney's fees, and dismissing plaintiffs' amended complaint and defendant's counterclaim. Judgment was entered conformably and this appeal followed.

Whether plaintiffs may prosecute their case in the district court upon one premise and, on appeal from an adverse judgment, adopt a completely new and different theory is a question we need not here decide. Adopting the theory of the action, as stated by plaintiffs here, it is axiomatic that before there can be a breach of a contract there must be a contract.

In 1953 the plaintiffs and their uncle, one Daniel Subarsky, formed a partnership, under the name of Automatic Dispensers Company, for the purpose of "operating and otherwise dealing in vending machines", with its place of business in Springfield, Massachusetts.

The defendant Cole Products Corporation is an Illinois corporation engaged in the manufacture and sale of vending machines with its principal place of business in Chicago, Illinois.

On March 20, 1954 the three partners met Richard Cole, executive vice-president of the defendant, at the Statler Hotel in New York. The purpose of the meeting was to discuss the possibility of the partnership representing the defendant in the distribution, servicing and sale of defendant's vending machines in the New England states. It was agreed that the defendant would send written contracts to the partnership for approval and signature.

Thereafter Subarsky, whom Cole had known for some time, asked Cole what he thought about the possibility of developing a small vending machine and Cole testified that "Subarsky said he had spare time to devote to this project on his own. I told him that we would be willing to furnish the parts and material if he wanted to furnish his spare time toward the development program."

There is conflict in the testimony as to exactly what part the Weissmans took in this conversation. Gustave testified that "Dan [Subarsky] asked Cole what he would think of a small vending machine which would sell for approximately about half the price of the vending machines then on the market, and Dick Cole was very enthusiastic about it. * * * and when he got back to Chicago he would speak to Albert Cole about it", and that was all that was said. Paul, after admitting that Dan Subarsky opened up the conversation as to the small dispenser, testified that Dan Subarsky was talking to "Richard Cole and Gustave Weissman and Paul Weissman" when he discussed the subject. He further stated that he told Cole that "the Automatic Dispensers Company, Dan Subarsky, Gus Weissman and [he], had a few ideas along the line of making a small soda vending machine."

Richard Cole testified that Gustave and Paul Weissman said nothing in that discussion; that both plaintiffs just stood

mute and had not entered into the conversation concerning the small vending machine in any way. He stated that Dan Subarsky was to devote his spare time and defendant was to furnish the parts and material to Subarsky for the development of the machine. He further testified that the defendant had no dealings with the partnership and did not engage the partnership to develope a vending machine for it, and that the defendant never offered to pay any royalty to the partnership at any time. Subarsky was not called as a witness by either party.

On March 25, 1954 the defendant sent to the partnership a proposed distributor's contract. It was refused by letter of April 17, 1954 signed by Gustave L. Weissman "because our operation takes all of our time." The letter further stated: "We are sorry for any inconvence [sic] we have caused you. Perhaps at some future date we will be in a better position to work with your oranisation [sic]." When it was offered in evidence counsel for the plaintiffs stated that "this letter is for the purpose of advising Cole Products Corporation that the partnership could not enter into those contracts because they were so busy with their own business."

On April 23, 1954 Subarsky wrote to Cole in regard to the distributor contract that "no one seemed to be able to take care of it", and concluded by saying:

"About the small machine, I can go ahead with it just as soon as I get the parts. This, of course, will have to be done in my spare time at night and on Sundays."

To this Cole replied on May 10, 1954:

"Although you cannot take on our regular proposition, I feel that there is no reason why we cannot go ahead on the small machine development.

"I do think you will agree, however, that we should have some sort of a definite arrangement between us to prevent misunderstandings in the future. If I furnish the parts and you furnish the time, it should

be understood that any developments you make in this direction should result in our having first option on same and the right to approve or disapprove the project. You, on the other hand, are entitled to the understanding that should we decide to go ahead on the project after you have developed the machine, that a satisfactory royalty basis will be worked out for you."

On May 13, 1954 Subarsky wrote to Cole answering the above letter in part as follows:

"Since I last wrote you for the parts, I have been busy working out the details on the small machine. I would like to have your cost on all the parts you ship to me, so that I can determine the cost of the completed machine.

"About the royalty basis, I am confident that we will be able to work out a satisfactory agreement."

The plaintiffs contend that a contract between the defendant and the partnership was thereby executed and when the machine was thereafter shipped to defendant and defendant manufactured and sold the machines royalties in some amount were owing to the partnership.

The documentary evidence shows that all of the negotiations and understandings were between the defendant and Daniel Subarsky, as an individual and not as a partner acting for the partnership. The very most that can be said for the plaintiffs is that there is a conflict in the parol evidence.

■■ The District Court found that there was no contract proven between the defendant and the partnership. It was for the District Court to determine the credibility of the witnesses, the weight to be given their testimony and to resolve any conflict in the evidence and, as there is substantial evidence to support such finding, it is not clearly erroneous and, therefore, adequately supports the judgment dismissing the amended complaint. We deem it unnecessary to marshal an exhaustive line of

authorities in support of that well established legal principle under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The plaintiffs complain of the refusal of the District Court to admit in evidence a certified copy of a decree of a Massachusetts State Court of September 11, 1956 in an action between Gustave L. Weissman and Paul Weissman, plaintiffs, and Daniel Subarsky, defendant. Counsel for plaintiff in making the offer stated to the District Court:

> "The decree was entered in September, 1956, holding the partnership dissolved as of November 1, 1954.
>
> "And also holding that, merely for the fact that such a holding was made,—that is all we are offering it for; we are not saying the defendant is bound by what the Court held—."

Thereafter, the plaintiffs reoffered the exhibit and counsel for the defendant informed the Court that the defendant admitted there was no dispute as to the fact that the partnership was dissolved November 1, 1954 and after its dissolution it was continued under the same name by the plaintiffs. Moreover, plaintiffs' exhibit No. 10, an assignment to Paul Weissman and Gustave L. Weissman of all right, title and interest of Daniel Subarsky in the partnership of Automatic Dispensers Company and an assignment of every right of Daniel Subarsky in the vending machine in controversy, executed by Daniel Subarsky on August 20, 1956 prior to the entry of said decree, was in evidence and before the Court.

■ Apart from the fact that the defendant Cole Products Corporation was not a party, or in privity with any party, to the Massachusetts suit and the plaintiffs were "not saying the defendant is bound by what the Court held", on the record at the time of the reoffer and the plaintiffs' stated purpose for which the exhibit was offered, error, if any, of the District Court in refusing the admission was harmless. We, therefore, hold that the District Court committed no reversible error in any ruling on the evidence.

■ The plaintiffs contend the District Court erroneously included in the judgment a recovery by defendant of reasonable attorney's fees.

The District Court made no finding as the basis for the judgment awarding attorney's fees to the defendant. In fact if such a finding had been made it would not be justified by this record nor supported by any substantial evidence and would be clearly erroneous. In re Joslyn, 7 Cir., 1955, 224 F.2d 223, 225; Continental Art Company v. Bertolozzi, 7 Cir., 1956, 232 F.2d 131, 134. Accordingly, that portion of the judgment must be set aside. Pennsylvania Crusher Co. v. Bethlehem Steel Co., 3 Cir., 1951, 193 F.2d 445, 451; Apex Electrical Mfg. Co. v. Altorfer Bros. Co., 7 Cir., 1956, 238 F.2d 867, 874.

That portion of the judgment that the defendant recover its attorney's fees is reversed. In all other respects the judgment is affirmed.