**Jack W. TURNER, Plaintiff-Appellee,**

v.

**Ronald Marvin PFLUGER, Defendant-Appellant.**

**No. 17063.**

United States Court of Appeals Seventh Circuit.

Feb. 14, 1969.

Thomas J. Regan, Milwaukee, Wis., for defendant-appellant.

Sam L. Levinson, Seattle, Wash., Robert L. Habush, James J. Murphy, Milwaukee, Wis., Levinson & Friedman, Seattle, Wash., Habush, Gillick & Habush, Milwaukee, Wis., for plaintiff-appellee.

Before SWYGERT, KERNER, Circuit Judges, and GORDON, District Judge.[1]

SWYGERT, Circuit Judge.

This appeal is taken from a judgment entered in favor of the plaintiff, Jack W. Turner, in the sum of $103,735.46, by Judge Robert E. Tehan of the United States District Court for the Eastern District of Wisconsin. The facts which gave rise to this cause grew out of an automobile accident which occurred June 1, 1964 near Chickasha, Oklahoma. The plaintiff, Turner, the defendant, Ronald Marvin Pfluger, and two fellow students at Concordia College in Seward, Nebras-ka, were riding in a car operated by the defendant at the time of the accident. They had been traveling for about ten hours from the Nebraska college campus toward their Texas destination before the accident occurred. According to the testimony, about two hours before the accident the plaintiff took his place in the front seat to the driver's right and proceeded to fall asleep. Subsequently, the driver likewise fell asleep and the car struck a bridge abutment. The plaintiff, who did not have his seat belt fastened, was thrown through the front window of the car, struck the pavement, and suffered a variety of serious injuries. The defendant raises three issues in this appeal: was the plaintiff contributorily negligent as a matter of law in falling asleep; was the plaintiff contributorily negligent because he failed to fasten his seat belt; and were the damages excessive.

Since each of these alleged errors raises a question of fact, our scope of review is limited to deciding whether any of the determinations of the district judge as the trier of fact were clearly erroneous. Turning to the issue of the plaintiff's falling asleep, we are of the opinion that the judge's finding in this regard was correct. To establish this affirmative defense of contributory negligence, the defendant must prove that the plaintiff knew or should have known that the driver's physical condition was such that the defendant was likely to fall asleep while driving the car. There was no evidence to support such a conclusion and in fact the evidence on this point establishes the contrary. The testimony indicated that the driver had ample rest before the trip, drove normally at all times prior to the accident, and gave no indication of weariness when asked whether he would like to have another passenger drive.[2]

---

[1]. Judge Gordon is sitting by designation from the United States District Court for the Eastern District of Wisconsin.

[2]. The trial judge specifically found:
When the trip was resumed at about 2:00 [a. m.], one of the passengers offered to take over the driving, but the defendant refused.

**650**

■ To resolve the seat belt question, which has been raised in this diversity action, we must look under the doctrine of Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), initially to the substantive law of the forum state, Wisconsin. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Sestito v. Knop, 297 F.2d 33 (7th Cir. 1961). Wisconsin has adopted the "significant contacts" theory of conflict of laws. Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965); Heath v. Zellmer, 35 Wis.2d 578, 151 N.W.2d 664 (1967). At the oral argument held in connection with this appeal, plaintiff's attorney asserted that Judge Tehan had advised counsel that he was applying Oklahoma law; defendant's counsel stated that he did not know how the conflict of laws question had been resolved in the trial court.

From the foregoing, it would appear that Oklahoma, the place of the accident, is the state whose laws regarding contributory negligence should apply. However, no useful purpose would be served by our making a qualitative analysis of the evidence to decide which state had the more significant contacts since we would reach the same result regardless of whether Oklahoma or Wisconsin law is applied; neither state has a statute requiring the *use* of seat belts.

■ Wisconsin has a law requiring the installation of seat belts. Wis.Stats. § 347.48. In Bentzler v. Braun, 34 Wis. 2d 326, 149 N.W.2d 626 (1967), the Wisconsin Supreme Court held that this was not a safety statute, and therefore failure to use a seat belt was not negligence per se. The trial judge in the case at bar made a finding that the failure of the defendant to wear his seat belt was unrelated to the cause of the accident. Moreover, that this nonuse of the seat belt might have been related to the injuries suffered by the plaintiff was a question which the district judge considered, but decided adversely to the defendant. The only evidence relating to the plaintiff's failure to wear his seat belt was the testimony of Dr. Meyer S. Fox, an ear, nose, and throat specialist. The district judge found that Dr. Fox was not qualified to testify whether the use of a seat belt would have reduced the severity of the injuries suffered. The evidence demonstrates that the district judge was warranted in finding that: "The defendant has not established by a preponderance of the evidence that the plaintiff's injuries were due in any part to his failure to fasten a seat belt installed in the automobile."

■■ Appellate courts have long recognized the limited scope of their review and the concomitant wide latitude which is given to trial courts on the question of damages. *See, e. g.,* Harry Alter Co. v. Chrysler Corp., 285 F.2d 903, 907 (7th Cir. 1961). Defendant relies on the decisions of other courts, such as Brewer v. Appalachian Constructors, Inc., 138 W.Va. 437, 76 S.E.2d 916 (1953), and Hallada v. Great Northern Ry., 244 Minn. 81, 69 N.W.2d 673, to support his contention that the awarded damages were excessive. Not only do these cases deal with different combinations of injuries, but they dealt with verdicts in dollars with drastically more buying power than present day money. Our inquiry is whether the verdict in the instant case was clearly erroneous. The record indicates that the plaintiff was, is, and throughout life will continue to be seriously impaired as a result of the accident. The plaintiff's right leg is three inches shorter than the left, his sense of smell is permanently lost, his skeletal structure has suffered irreparable damage, and his general level of health is impaired. These physical injuries have interfered significantly with his occupational endeavors as a teacher. There is ample evidence to support the damage award.

The judgment is affirmed.